IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL HUBBARD | Criminal Action No.<br><br>1:19-CR-179-MLB-JSA |

**GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE
UNDER FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by Byung J. Pak, United States Attorney, and Leanne M. Marek, Assistant United States Attorney for the Northern District of Georgia, files this motion *in limine* to permit admission of Defendant's prior conviction for possession of a firearm by a convicted felon at trial under Federal Rule of Evidence 404(b).

**I.     Procedural History**

On May 7, 2019, a federal grand jury sitting in the Northern District of Georgia returned an indictment charging the Defendant, Michael Hubbard, with knowingly possessing a firearm after previously being convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1).  On October 1, 2019, a federal grand jury sitting in the Northern District of Georgia returned a superseding indictment that added the element of 18 U.S.C. § 922(g)(1) that the Defendant knew he was a felon at the time of the instant offense.  (Doc. 17).  On January 29, 2020, the Defendant filed a Motion to Suppress, alleging an unlawful seizure at the time of his arrest.  (Doc. 33).  An

1

evidentiary hearing was held on June 5, 2020.  (Doc. 46).  On August 5, 2020, Magistrate Judge Anand denied the Defendant's Motion to Suppress.  (Doc. 54). On September 14, 2020, this Court overruled the Defendant's objections to the Report and Recommendation and adopted the Report and Recommendation. (Doc. 58).

A jury trial is set for February 8, 2021.  (Doc. 63).  On November 3, 2020, the government filed a notice of intent to introduce evidence under Federal Rules of Evidence 404(b). (Doc. 64).

II. Facts

A. Instant Offense Conduct

On June 18, 2018, at approximately 4:20 a.m., Atlanta Police Officer Mogavero received a call from the Atlanta Police Department dispatch regarding a person down and possibly intoxicated at a BP Gas Station. (Doc. 47 at 4:3-23).  The subject of the person down, possibly intoxicated call was later identified as the Defendant, Michael Hubbard.  (*Id*. at 4:9-11).  Officer Mogavero arrived at the BP gas station shortly after receiving the dispatch call and saw a vehicle parked improperly in the gas station parking lot.  (*Id*. at 7:2-21). The vehicle's engine was running.  (*Id*. at 7:22-25).  Officer Mogavero approached the driver's side of the vehicle and discovered that the Defendant was asleep inside the vehicle.  (*Id*. at 7:7-9).  The Defendant did not wake up when Officer Mogavero shined a flashlight into the vehicle.  (*Id*. at 10:11-13).  While looking into the vehicle, Officer Mogavero saw a firearm on the passenger seat.  (*Id*. at 7:10-12).

After observing the firearm inside the vehicle, Officer Mogavero asked that another police officer be dispatched to the scene to assist him.  (*Id*. at 10:19-22). APD Officer Elizabeth Miller arrived shortly thereafter.  (*Id*. at 10:23-11:1).  Officer Mogavero told Officer Miller about the firearm inside the vehicle and the two decided that Officer Mogavero would approach the driver's side vehicle and Officer Miller would go to the passenger's side.  (*Id*. at 11:9-16).  Officer Mogavero tapped on the window of the vehicle with his flashlight and announced that he was with the Atlanta Police Department.   (*Id*. at 11:25-12:3).   Both officers announced that they were with the Atlanta Police Department and instructed Hubbard to "open up."  Hubbard woke up, opened the driver's side door, and began to exit the vehicle.  (*Id*. at 12:2-5).  Hubbard then sat back in the driver's seat and reached for the firearm that was on the passenger's seat.  (*Id*. at 12:6-8).  As he was reaching towards the firearm, Officer Miller yelled "don't touch it" and Officer Mogavero instructed "don't do it."  (Ex. 1 at 6:53-7:03).  Hubbard released his hand from the weapon at that time and Officer Mogavero was able to get him out of the car and place him into custody.  (Tr. at 12:9-23).  A Taurus, Millennium PT111 G2, 9mm pistol was recovered from the Defendant's vehicle.

### B. Prior Convictions Involving a Firearm

On February 1, 2018, the Defendant pleaded guilty in Fulton County, Georgia, Superior Court to possession of a firearm by a convicted felon, aggravated assault (shooting at), battery – family violence, and possession of a firearm during the commission of a felony.  The Defendant was sentenced to 25 years' imprisonment to serve the first 2 years on weekends and the remainder on probation.  See Ex. A.

The Government intends to only introduce evidence of the Defendant's conviction for possession of a firearm by a convicted felon in its case in chief.

### III.    Argument

#### A. The Defendant's 2016 Conviction for Possession of a Firearm by a Convicted Felon is Admissible Pursuant to Rule 404(b)

Evidence of Hubbard's conviction in Fulton County for being a felon in possession of a firearm is admissible pursuant to Federal Rule of Evidence 404(b). Rule 404(b) provides for the admission of evidence to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b).  It is a rule of inclusion; therefore, prior act evidence "should not be excluded when it is central to the prosecution's case." *United States v. Eckhardt*, 466 F.3d 938, 946 (11th Cir. 2006) (quoting *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003)).  Under Rule 404(b), evidence regarding prior bad acts is admissible at trial if: (1) the evidence is relevant to an issue other than the defendant's character; (2) the act is established by sufficient proof to permit the jury to conclude that the defendant committed the prior act; and (3) the probative value of the evidence is not substantially outweighed by undue prejudice. *United States v. Matthews*, 431 F.3d 1296, 1310-11 (11th Cir. 2005).  A district court's decision to allow the government to offer 404(b) evidence will not be disturbed absent a showing of abuse of discretion. *United States v. Nelson*, 380 F. App'x 899, 901 (11th Cir. 2010); *United States v. Allen*, 274 F. App'x 811, 819 (11th Cir. 2008); *United States v. Lehder-Rivas*, 955 F.2d 1510, 1515-16 (11th Cir. 1992); *United States v. Cardenas*, 895 F.2d 1338, 1342-43 (11th Cir. 1990).

This Court should admit evidence concerning Defendant's conviction for his prior possession of a firearm.  The Defendant has entered a plea of not guilty to the instant offense of possession of a firearm by a convicted felon; therefore, knowledge and intent are material issues that the Government carries the burden to prove.  The evidence is equally relevant to establish that Defendant's conduct did not result from mistake or accident.  The admission of Defendant's prior firearm conviction can be cabined to the possession offense, with references to other criminal charges, including aggravated assault (shooting at) and family violence battery, redacted from certified conviction records.  Consequently, the evidence of Defendant's prior possession of a firearm is highly probative and carries no risk of undue prejudice.  For all these reasons, the Court should admit the evidence pursuant to Rule 404(b) of the Federal Rules of Evidence.

### 1. Relevancy of the Evidence

Evidence related to the Defendant's prior felon in possession conviction is relevant, under Rules 401 and 404(b) of the Federal Rules of Evidence, to establish his knowledge and intent in the instant case, and to refute any suggestion that he possessed the firearm by mistake or accident. To establish a violation of Title 18, United States Code, Section 922(g)(1), as is charged here, the Government must prove beyond a reasonable doubt that: (1) the Defendant knowingly possessed a firearm; (2) at the time he possessed the firearm, the Defendant had previously been convicted of a crime punishable by a term of imprisonment exceeding one year; (3) the Defendant knew he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year; and (4) the possession

5

of the firearm was in or affecting interstate or foreign commerce. 18 U.S.C. 922(g)(1). Therefore, when a defendant enters a plea of not guilty to this offense the burden is on the Government to prove his knowing possession of a firearm.

The Government may satisfy this burden through properly admitted evidence pursuant to Rule 404(b). Fed. R. Evid. 404(b); *Allen*, 274 F. App'x 811, 819-21 (affirming district court's admission, during a Section 922(g)(1) jury trial, of a co-defendant's testimony that he had previously seen the defendant in possession of a firearm). Further, it is well established that "[i]n cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged." *United States v. Cassell*, 292 F.3d 788, 792-95 (D.C. Cir. 2002) (holding that trial court did not abuse its discretion by admitting evidence of prior gun possession in trial for firearms violations under 18 U.S.C. §§ 922(g) and 924(c)).

The Eleventh Circuit has held repeatedly that the Government is entitled to prove the knowledge element by introducing evidence of past convictions for possessing a firearm as a convicted felon. For example, in *United States v. Jernigan*, the Eleventh Circuit affirmed the district court's admission of the defendants' previous convictions for possessing firearms while a convicted felon. 341 F.3d 1273, 1283-84. In that case, a police officer had stopped the defendants as they traveled in a tow truck because their vehicle displayed an expired license plate tag. *Id*. at 1276. During a subsequent search of the truck officers recovered a handgun concealed between the seats of the vehicle. *Id*. Both defendants were convicted

6

felons and, therefore, arrested for possessing a firearm as a convicted felon. *Id.* at 1276-77. At trial, the court permitted the Government to introduce evidence of the defendants' prior convictions for the same offense. *Id.* at 1277. The Court reasoned that by pleading not guilty the defendants had necessarily placed their knowing possession of a firearm in issue. *Id.* at 1282. Moreover, the Court concluded that a defendant's prior conviction for possession of a firearm by a convicted felon would make it more likely that he knowingly possessed the firearm on a different occasion, rather than by mistake or accident. *Id.* at 1280-81; *see also United States v. Stevens*, 277 F. App'x 898, 899-01 (11th Cir. 2008) (affirming trial court's admission of prior convictions for assault with a deadly weapon and possession of a firearm during the commission of a crime, to show that the defendant had the same present intent to knowingly possess a firearm in the instant case); *United States v. Taylor*, 417 F.3d 1176, 1182 (11th Cir. 2005) (no abuse of discretion for admitting prior felon-in-possession conviction where defendant "never admitted to or stipulated to the fact that he knowingly and intentionally possessed the firearm found" by the officer); *United States v. Gomez*, 927 F.2d 1530, 1534 (11th Cir. 1991) (upholding trial court's decision to allow evidence regarding a defendant's prior concealed weapon conviction because it was relevant to prove defendant knowingly possessed a firearm found in his car while transporting drugs); *United States v. Gonzalez*, 183 F.3d 1315, 1328 (11th Cir. 1999) (upholding admission of prior firearm possession conviction because it "tended to make it more likely that [the defendant] in fact possessed a gun").

Accordingly, the Defendant's previous conviction for possessing a firearm as a convicted felon is probative of his knowledge of and intent to possess the firearm recovered from him on June 18, 2018.  The evidence is also relevant to refute the Defendant's suggestion that he possessed the firearm by mistake or accident.  Therefore, the Court should admit evidence of the Defendant's prior conviction for possession of a firearm by a convicted felon.

### 2. Sufficiency of Proof of the Prior Conviction

Absent a stipulation reached between the Defendant and the Government concerning the Defendant's prior felon-in-possession conviction, the Government will introduce a certified copy of the Defendant's felon-in-possession conviction. The Defendant's conviction is sufficient proof to establish his commission of a prior offense.  *Jernigan,* 341 F.3d at 1282; *United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997) ("It is elementary that a conviction is sufficient proof that [a defendant] committed the prior act.").  The Government will redact the other convictions listed in the document and the sentence that the Defendant received for each conviction, including the felon-in-possession conviction.

### 3. Probative Value of the Evidence Is Not Outweighed By Any Risk of Undue Prejudice

The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice when taking into account the nature of the evidence, the recent nature of the Defendant's prior conviction, the Government's need for the evidence, and the Court's ability to address any prejudice with a limiting instruction.

In order to eliminate the risk of any prejudice from the prior firearms convictions, the Government seeks only to tender evidence of the fact of the Defendant's previous firearm possession conviction, without reference to the underlying conduct or his convictions for aggravated assault (shooting at), family violence battery, and possession of a firearm during the commission of a felony. Even though the other offenses fit the parameters of Rule 404(b), the Government will not introduce evidence concerning the other offenses in its case in chief, and the certified convictions can be redacted to guard against any potential prejudice. *See United States v. Clark*, 693 F. App'x 804, 807 (11th Cir. 2017) (upholding admission of prior convictions where, among other things, the district court ensured probative value was not outweighed by undue prejudice by redacting the facts of the convictions and not admitting an armed robbery conviction into evidence).

The Defendant's conviction for possessing a firearm as a convicted felon is recent, therefore no prejudice arises from the age of the conviction. The underlying conduct took place in 2016 and he was convicted of the offense in 2018. At the time of this trial, the conviction will be three years old. While the Eleventh Circuit has declined to put a bright line rule on the age of a conviction, three years is certainly recent enough to be relevant and not cause any prejudice to the Defendant. *United States v. Pollock*, 926 F.2d 1044, 1048 (11th Cir. 1991) (declining to put in place a bright line rule for the age of convictions because "decisions as to impermissible remoteness are so fact-specific that a generally applicable litmus test would be of dubious value.").

Finally, any perceived prejudice can be addressed by the Court providing an instruction to the jury regarding the proper and improper uses of the "other crimes" evidence.  *See Allen,* 274 F. App'x at 820-21; *Jernigan*, 341 F.3d at 1282 (finding that given the trial court's instruction to the jury that it could not consider the prior conviction as "propensity evidence," the probative value of the prior conviction evidence was not substantially outweighed by any prejudicial impact).

## Conclusion

WHEREFORE, the Government requests that this Court find the evidence described above is admissible under Federal Rules of Evidence 404(b).

Respectfully submitted,

BYUNG J. PAK
*United States Attorney*

/s/LEANNE M. MAREK
*Assistant United States Attorney*
Georgia Bar No. 270935
Leanne.Marek@usdoj.gov

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

   Lawanda Hodges

November 20, 2020

          /s/ LEANNE M. MAREK

          LEANNE M. MAREK

          *Assistant United States Attorney*