IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | § § § |
| v. | § CRIMINAL CASE NO.: § 1:19-cr-00179 § |
| MICHAEL HUBBARD, | § § § |
| Defendant. | § |

## MOTION OF APPLICATION OF MEASURES TO IDENTIFY IMPLICIT BIAS DURING *VOIR DIRE*

COMES NOW, Michael Hubbard, Defendant/Movant herein, by and through the undersigned counsel, and respectfully files this *Motion of Application of Measures to Identify Implicit Bias During Voir Dire* (the "Motion"), moving this honorable Court to adopt the following measures during jury selection in this case to assist potential jurors, counsel, and the Court to identify and examine possible subconscious or unconscious ("implicit") racial bias among members of the pool of potential jurors in this case:

(1) include in the introductory materials presented to the potential jury pool in this case the video presentation by The Honorable John C. Coughenour, United States District Judge for the Western District of Washington, and others, titled "Understanding the Effects of Unconscious Bias" (the "Video"; available at

1

https://www.youtube.com/watch?time_continue=16&v=2SqtsQEJq3A ).
It was prepared for the purpose of raising with potential jurors, and permitting the investigation with those jurors during *voir dire*, the phenomenon of implicit bias particularly, as it manifests itself in the criminal justice process;

(2) permit Movant's counsel to inquire directly of potential jurors doing *voir dire* regarding issues of such bias addressed in the Video; and

(3) include in the introductory instructions to the jury pool a written instruction to accompany the matters addressed in the Video.

These measures to identify and investigate implicit bias are critically important – with clear Constitutional dimensions – in criminal trials.  There is solid research and empirical evidence, and firm Constitutional mandate, for the presentation of the Video to the pool of prospective jurors in this case.

The Video was developed by Judge Coughenour for use in jury selection in United States district courts for making the issue of latent juror racial bias explicit and thereby facilitating awareness and discussion of the matter by potential jurors and attorneys selecting a jury.  *See also,* Judge Theresa Doyle, *U.S. District Court Produces Video, Drafts Jury Instructions on Implicit Bias*, Bar Bulletin (Kings County Bar Assoc., Apr. 2017) (attached hereto as EXHIBIT A) describing the instruments and approaches adopted in these respects by Judge Coughenour and the U.S. District

Court for the Western District of Washington. In addition to the playing of the Video to prospective jurors in the jury selection process, the District Court reads and/or delivers, *inter alia,* the following guidance to prospective jurors as part of the preliminary instructions before trial:

> It is important that you discharge your duties without discrimination, meaning that bias regarding the race, color, religious beliefs, national origin, sexual preference, or gender of the [plaintiff,] defendant, any witnesses, and the lawyers should play no part in the exercise of your judgment throughout the trial. Accordingly, during this *voir dire* and jury selection process, I [the lawyers] may ask questions [or use demonstrative aids] related to the issues of bias and unconscious bias.

The Court has included the following statement with the online version of the instructions and video:

> The Western District of Washington's bench and bar have long- standing commitments to a fair and unbiased judicial process. As a result, the emerging social and neuroscience research regarding unconscious bias prompted the Court to create a bench-bar-academic committee to explore the issue in the context of the jury system and to develop and offer tools to address it….Accordingly, the proposed instructions are intended to alert the jury to the concept of unconscious bias and then to instruct the jury in a straightforward way not to use bias, including unconscious bias, in its evaluation of information and credibility and in its decision-making. The instructions thus serve the purposes of raising awareness to the associations jurors may be making without express knowledge and directing the jurors to avoid using these associations.

The Video and all related jury instructions are available at the following link: http://www.wawd.uscourts.gov/jury/unconscious-bias . A copy of the jury instructions is attached as EXHIBIT B to this motion.

### A. Constitutional Basis for Motion

"The Sixth Amendment right to jury trial 'guarantees to the criminally accused a fair trial by a panel of impartial, "indifferent" jurors' [.]" *United States v. Edmond*, 52 F.3d 1080, 1094 (D.C. Cir. 1995) (per curiam) (quoting *Irvin v.Dowd*, 366 U.S. 717, 722 (1961)). This guarantee includes the right to be tried by jurors who are capable of putting aside their personal impressions and opinions and rendering a verdict based solely on the evidence presented in court. *See id*. *Voir dire* is a vehicle for ensuring this right, *see Rosales-Lopez v. United States*, 451U.S. 182, 188 (1981), as it serves to screen out jurors whose personal views make them incapable of performing this function. *See Edmond*, 52 F.3d at 1094. In *United States v. Orenuga,* 430 F.3d 1158, 1163 (D.C. Cir. 2005), the Court of Appeals for the D.C. circuit noted:

> [Where] the possibility of prejudice is real, and there is consequent need for a searching *voir dire* examination, in situations where, for example, the case carries racial overtones, or involves other matters concerning which either the local community or the population at large is commonly known to harbor strong feelings that may stop short of presumptive bias in law yet significantly skew deliberations in fact.(citations omitted).

The court also noted that *voir dire* must be allowed on subjects with respect to which "bias and distorting influence have become evident, through experience with juries, and have come to be recognized as a proper subject for the *voir dire*." *Id*. The potential for jurors to attach undue weight to the testimony of law enforcement officials during trial is one such example. *See id*. (citing *Brown v. United States*, 338 F.2d 543 (D.C. Cir. 1964)). In the capital context, the Supreme Court noted that "general fairness" and "follow the law" questions were insufficient to identify and exclude jurors who would automatically impose the death penalty if a defendant were convicted of a capital crime. *Morgan v. Illinois,* 504 U.S. 719, at 734. Those general questions are insufficient in the non-capital cases as well.

Within the past two years the United States Supreme Court reiterated the critical importance of examination of potential jurors regarding potential bias. *Colorado v. Pena-Rodriguez v. Colorado*, 137 S.Ct. 855, No. 15-606 (Mar. 6, 2017) (reversing conviction where a juror had revealed his opinion that defendant "did it because he's a Mexican" and that an alibi witness was not credible because the witness "was an illegal," notwithstanding the federal no-impeachment rule for jury verdicts; holding that when a juror makes a clear statement indicating that he relied on racial stereotypes or animus to convict a criminal defendant, the Sixth Amendment requires that the no-impeachment rule give way in order to permit the trial court to consider the evidence

of the juror's statement and any resulting denial of the jury trial guarantee). In the course of its opinion the Court stated,

> In an effort to ensure that individuals who sit on juries are free of racial bias, the Court has held that the Constitution at times demands that defendants be permitted to ask questions about racial bias during *voir dire*. Ham v. South Carolina, 409 U.S. 524 . . . (1973); Rosales-Lopez [v. United States], 451 U.S. 182 . . . [1981]; Turner v. Murray , 476 U.S. 28 . . . (1986)." *Colorado*, 137 S.Ct. at 868 (2017).

### B. Analytical/Empirical Basis for Motion

There has been substantial research and analysis regarding the existence of subconscious racial bias, particularly in the criminal justice system, and of the consequential need to have a full exploration of this circumstance in jury selection. *See* the outline of such efforts and resources at *Achieving an Impartial Jury: Addressing Bias in Voir Dire and Deliberations*, ABA Criminal Justice Section.[1] "Many years of research focusing on the judicial system demonstrates that, at nearly every point, from school discipline to death sentences, results are unduly skewed along lines of race, ethnicity, or other group identity." *Id; see also* Exhibit C.

### C. Circumstances of this Case Supporting This Motion

---

[1] https://www.americanbar.org/content/dam/aba/publications/criminaljustice/voirdire_toolchest.pdf

Mr. Hubbard is Black. The alleged criminal activity took place in the inner city during the late evening. As shown in and by the above authorities and others, implicit racial bias is a pervasive and pernicious problem just in general. Questioning is needed to determine whether or not there is bias resting on the mind of potential jurors that will not go away simply by asking one if she can follow the law. At a minimum, and in addition to all other *voir dire*, Movant's counsel request to inquire into the following areas:

1. Does anyone believe that Black persons or African Americans are more likely to engage in criminal conduct?

2. Has anyone heard of the term implicit bias? Implicit refers to the attitudes or stereotypes that affect our understanding, actions, and decisions in an unconscious manner. Implicit biases can affect how we view people by age, gender, and race. Does everyone agree that we all have them?

3. [ASSUMING THE COURT SHOWS THE VIDEO] Are you willing to explore how, if at all, your implicit bias affects your verdict, after you have heard all of the evidence and listened to the Court's instructions?

4. Has anyone, in exercising their right to Freedom of Association and Free Speech belong to any groups that have been described as "ALT-

Right," "Ultra Nationalist," or any group that advocates for the rights of White people?

5. If you belong to such groups, would it be difficult to set aside those beliefs for the purpose of this trial?

6. To reach a verdict, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors. In the final analysis, however, you must follow your own conscience and be personally satisfied with any verdict. Would any of you have difficulty expressing your own opinions and thoughts about this case to your fellow jurors?

WHRERFORE Movants request the Court to grant the relief requested above in conducting jury selection in this case.

Respectfully submitted this 1st day of Febuary 2021.

/s/ *Lawanda N. Hodges*
Lawanda N. Hodges, Esq.
Georgia Bar No. 547413
THE LAW FIRM OF LAWANDA HODGES, LLC
1100 Peachtree Street, Suite 200
Atlanta, Georgia 30309
(404) 474-0772
lhodges@lhodgeslaw.com

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that the foregoing *Motion to Identify "Implicit Bias" During Jury Selection* is formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1C, and is being electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record in this case.

1st day of Febuary 2021

/s/ *Lawanda N. Hodges*
Lawanda N. Hodges, Esq.
Georgia Bar No. 547413
THE LAW FIRM OF LAWANDA HODGES, LLC
1100 Peachtree Street, Suite 200
Atlanta, Georgia 30309
(404) 474-0772
lhodges@lhodgeslaw.com