**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

United States of America,

v.

Case No. 1:19-cr-179-MLB

Michael Hubbard,

Defendant.

________________________________/

**ORDER**

On November 20, 2020, the United States filed a motion in limine to admit Rule 404(b) evidence, specifically evidence of Defendant Michael Hubbard's 2018 prior conviction for possession of a firearm by a convicted felon. (Dkt. 66.) Rule 404(b) provides for admission of evidence to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b). The Eleventh Circuit sets out a three-part test for determining whether evidence of a prior bad act is admissible under Rule 404(b). *See United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992). The *Miller* test provides that the evidence is admissible if: (1) the evidence is relevant to an issue other than the defendant's character, (2) there is sufficient proof to allow a jury

to find the defendant committed the act by a preponderance of the evidence, and (3) the evidence's probative value is not substantially outweighed by the risk of undue prejudice under Rule 403. *Id.* To meet the second prong—the one at issue here—the United States "need only provide enough evidence for the trial court to be able to conclude that the jury could find, by a preponderance of the evidence, that the prior act had been proved." *United States v. Green*, 873 F.3d 846, 864 (11th Cir. 2017).

At the pretrial conference on April 19, 2021, the Court learned that Defendant Hubbard entered his guilty plea in 2018 pursuant to the procedure permitted in *North Carolina v. Alford*, 400 U.S. 25 (1970), rather than as a "standard" or "normal" plea. The Court thus requested further briefing on whether an *Alford* plea conviction satisfies the second prong—specifically, whether a certified copy of Defendant's previous *Alford* plea conviction was proof by a preponderance of the evidence that Defendant previously possessed a firearm as a convicted felon in 2018.

Although this precise issue has not been decided by the Eleventh Circuit, in *Green*, the Court of Appeals considered whether a plea of *nolo contendere* provides sufficient proof to satisfy the second prong of the Rule 404(b) test. *See* 873 F.3d at 858. The Eleventh Circuit concluded it

was ***not*** sufficient proof by a preponderance of the evidence because "a guilty plea is distinct from a plea of *nolo contendere*." *Id.* at 865. The *Green* court based its conclusion on the recognition that, while a guilty plea constitutes an admission by a defendant that he or she committed the crime at issue, a *nolo contendere* plea does not involve such an admission but instead merely constitutes "a consent by the defendant that he [or she] may be punished as if he [or she] were guilty and a prayer for leniency." *Id.* (internal quotation marks omitted). The Eleventh Circuit noted (in dicta), however, "[i]t is conceivable that a state court require, as a precondition to acceptance of a *nolo* plea, a determination by the court that the State make a showing of defendant's guilt that would serve to satisfy the preponderance standard." *Id.* The *Green* Court's holding was based on what it assumed "to be a generic *nolo* conviction"—that is one that did not require the court to make a finding the defendant committed the crime at issue. *Id.* at 865–66.

An *Alford* plea is different from a *nolo contendere* plea. In Georgia, an *Alford* plea is "a guilty plea where the defendant maintains a claim of innocence to the underlying criminal conduct charged but admits that sufficient evidence exists to convict him of the offense." *United States*

*v. Ramirez-Gonzalez*, 755 F.3d 1267, 1273 (11th Cir. 2014). "[A]n Alford plea under Georgia law requires a defendant to 'admit[ ] that sufficient evidence exists to convict him of the offense.' " *United States v. Slaton*, 760 F. App'x 689, 692 (11th Cir. 2019) (quoting *Ramirez-Gonzalez*, 755 F.3d at 1273). An *Alford* plea also requires "a determination by the court that the state make a showing of defendant's guilt that would serve to satisfy the preponderance standard." *Green*, 873 F.3d at 866. The Court finds an *Alford* plea conviction, in general and specifically, satisfies the second prong of the *Miller* test.

Having reviewed the transcript of Defendant Hubbard's 2018 plea, the Court further finds the trial court followed that procedure. At the hearing, the prosecuting attorney outlined the evidence the State of Georgia was prepared to introduce if the case went to trial, including evidence Defendant Hubbard shot his girlfriend in the leg following an argument. (Dkt. 90-1 at 12:24–15:7, 16:4–20.) Defendant Hubbard (through counsel) also explained he was entering an *Alford* plea and seeking a lenient sentence because the shooting had been accidental, affirming he had possession of a firearm. (*Id.* at 19:12–13.) After questioning Defendant Hubbard and his defense counsel, the trial court

found that "there [was] a sufficient fact basis for the charges," and it found Defendant Hubbard's "plea of guilty to be knowingly, voluntarily, and intelligently entered." (*Id.* at 21:8–10.) The Court thus concludes Defendant Hubbard's 2018 conviction satisfies the second prong of the Rule 404(b) test. The Court also concludes the evidence the United Sates seeks to admit satisfies the other requirements of the Rule for the reasons set forth in the United States's Motion in Limine.

The Court **GRANTS** the Government's Motion in Limine (Dkt. 66) and allows admission of Defendant Hubbard's prior conviction of possession of a firearm. ***The other criminal charges must be redacted from the certified conviction records.***

**SO ORDERED** this 6th day of May, 2021.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE