IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § § | CRIMINAL CASE NO.: 1:19-cr-00179 |
| MICHAEL HUBBARD, | § § § | |
| Defendant. | § | |

**POST-HEARING BRIEF
IN SUPPORT OF ALLEGED SELF-SERVING STATEMENT**

COMES NOW, Michael Hubbard, Defendant herein, by and through the undersigned counsel, and files this his *Post-Hearing Brief in Support of Alleged Self-Serving Statement* to supplement the pretrial conference hearing in this matter held on May 20, 2021.

**I.    RELEVANT BACKGROUND**

The government submitted its motion in limine on Mr. Hubbard's alleged self-serving statements on May 18, 2021. [Doc 101]. The issues, however, were refined on May 20, 2021 at the pretrial conference where the court specifically instructed the undersigned to address only the Government's self-serving argument and law supporting our position that the word "conscience" should be used as a guide during jury selection. *See* Transcript at p. 37, line 25; p. 38, lines 1-4. Since Mr. Hubbard

1

defers to the Court's decision regarding a word replacement for "conscience," this post-hearing brief only addresses the issue of the alleged self-serving statement.

## II.     ALLEGED SELF-SERVING STATEMENT

The Government wants to exclude Mr. Hubbard's statement made to an Atlanta Police Department Officer (not key Officers Mogavero and Miller) at the scene on the date-in-question.  Mr. Hubbard expressed to that officer that he did not have a gun and that officer repeated Mr. Hubbard's statement to his fellow police officers (also at the scene).  This dialogue is captured in video.

First, if the officer-in-question takes the witness stand, he will be subject to cross examination, including questions about any statements he, a Government agent, made as admissions by a party opponent.  *See* Fed.R.Evid. 801(d). Admissions by party opponents are non-hearsay.  *See id.*

Second, it is undisputed that Mr. Hubbard's statement was made (1) while he was still on the scene, (2) while he was in handcuffs, and (3) while law enforcement was talking to him.  Mr. Hubbard's statement is, therefore, admissible as *present sense impression*, *excited utterance,* and/or *state of mind* – all of which show Mr. Hubbard's surprise and confusion about his arrest.

The event was ongoing and the investigation had not concluded, as evidenced by Mr. Hubbard and multiple officers' presence on the scene.  *See* Fed.R.Evid.

803(1) (defining a *present sense impression* as a statement made while the declarant was perceiving the event).  Moreover, an essential element that the Government must prove is Mr. Hubbard's knowledge that he had a gun.  Thus, Mr. Hubbard's state of mind/knowledge that he did not know that there was a gun is relevant, as well as how he perceived the existing circumstance.  Fed.R.Evid. 803(3); *see e.g.*, *U.S. v. Grassi*, 783 F.2d 1572 (11th Cir. 1986) (victim's statements as to fear permitted under state of mind).

Next, the event was startling, as Mr. Hubbard was asleep when approached by officers, told to open his door, ejected from his car, handcuffed, and then placed in a patrol car.  See Fed.R.Evid. 803(2) (providing a hearsay exception for "[a] statement relating to a startling event or condition made while the declarant was under stress of excitement caused by the event or condition"); *U.S. v. Brown*, 441 F.3d 1330 (11th Cir. 2006) (witness's statement that she heard defendant's mother ask over the phone if defendant killed a woman and then the mother started crying was permitted);

Additionally, the entire event did not last longer than an hour and a half, per the body cameras.  Courts have deemed events lasting longer than such time *excited utterances*.  *See e.g., United States v. Belfast*, 611 F.3d 783 (11th Cir. 2010) ("While the declarant must still be under the stress or excitement that the startling event caused, the excited utterance need not be made contemporaneously to the startling

event. It is the totality of the circumstances, not simply the length of time that has passed between the event and the statement, that determines whether a hearsay statement was an *excited utterance*.). *See also, United States v. Cruz*, 156 F.3d 22, 30 (1st Cir.1998) (finding a statement was an *excited utterance* when it was made four hours after the startling event when it is likely that the victim continued to suffer trauma because she was unable to escape the location where the assault occurred); *United States v. Scarpa*, 913 F.2d 993, 1016-17 (2d Cir.1990) (finding a statement was an *excited utterance* when it was made five or six hours after the event where the record demonstrated that the declarant was still under stress at the time he made the statement); *Gross v. Greer*, 773 F.2d 116, 119-20 (7th Cir.1985) (finding that the district court properly admitted a statement made twelve hours after the startling event).

### III.   CONCLUSION

WHEREFORE, for the reasons set forth herein, Defendant Michael Hubbard respectfully requests that this honorable Court declare the alleged self-serving statement as a hearsay exception.

Respectfully submitted, this 17th day of August 2021.

/s/Lawanda N. Hodges
Lawanda N. Hodges
Georgia Bar No. 547413
The Law Firm of Lawanda Hodges, LLC
1100 Peachtree Street, Suite 200
Atlanta, GA 30309

(404) 474-0772
lhodges@lhodgeslaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 17th day of August 2021, the undersigned electronically filed the foregoing filing using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Jessica Morris
Assistant United States Attorney
US Attorney's Office for the Northern District of Georgia

**/s/Lawanda N. Hodges**
Lawanda N. Hodges
Georgia Bar No. 547413
The Law Firm of Lawanda Hodges, LLC
1100 Peachtree Street, Suite 200
Atlanta, GA 30309
(404) 474-0772
lhodges@lhodgeslaw.com
